

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/08
```

Michelle Mancino Marsh
Direct 212.908.6180
mmarsh@kenyon.com

One Broadway
New York, NY 10004-1050
212.425.7200
212.425.5288

January 7, 2008

**VIA FACSIMILE**



Honorable Richard J. Holwell
United States District Judge
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007-1320

      Re:    Tony Colida v. Sony Ericsson Mobile Communications USA, Inc.,
              Case No. 07-CIV-9260

Dear Judge Holwell:

        In accordance with Rule 3(A) of Your Honor's Individual Practices, we write on behalf of defendant Sony Ericsson Mobile Communications USA, Inc. ("Sony Ericsson") to request a pre-motion conference. Sony Ericsson seeks permission to bring a Motion to Dismiss Plaintiff's Complaint for design patent infringement, on the various grounds outlined below, including without limitation, the principle of *res judicata*.

        In this action, Plaintiff Tony Colida ("Colida") alleges that Sony Ericsson's model W300i cellular phone infringes Colida's now expired U.S. Design Patents Nos. 321,347 ("the '347 patent") and 321,349 ("the '349 patent"). Colida has previously accused, in two separate actions, two other Sony Ericsson cellular phones, the Z-500 and Z-600 models, of infringing the same design patents. Both of those actions were adjudicated by this Court in Sony Ericsson's favor.

**A.**      **The Case Should be Dismissed on Grounds of Res Judicata.**

        In the first action concerning Sony Ericsson's Z-600 model cellular phone, Your Honor granted Sony Ericsson's motion for summary judgment finding "strikingly dissimilar differences in the overall appearance of the phones." *Colida v. Sony Corp. of Amer., et al.*, Civ. No. 03-2093 (S.D.N.Y. February 2, 2005)("Colida I"). This Court then denied Colida's application for leave to appeal to the Federal Circuit *in forma pauperis*, holding that the issues which Colida wished to raise on appeal were "wholly without merit" and that the appeal [was] not taken in good faith." *Colida v. Sony Corp. of America et al.*, Civ. No. 04-2093 (S.D.N.Y. March 2, 2005). Colida then moved the Federal Circuit for leave to proceed *in forma pauperis*, and was denied, the court finding that the appeal was not made in good faith, and noted that Colida had a history of "fil[ing] numerous unsuccessful complaints and appeals, one of which was recently found to be frivolous." *Colida v. Sony Corp. of America et. al.*, Civ. No. 05-1348 (Fed. Cir. June 17, 2005).



In the second case, Colida made the same allegations of infringement against Sony Ericsson's Z-500 model cellular phone. Judge Crotty held that the Z-500 and Z-600 phones were essentially identical, and that neither of these models resembled Colida's claimed design. This second action was dismissed based on the doctrine of *res judicata*. *Colida v. Sony Corp. of Amer., et al.*, Civ. No. 06-0257 (S.D.N.Y. October 26, 2006) ("Colida ll").

Colida now brings his third baseless action against Sony Ericsson for infringement of the same design patents by the W300i model cellular phone. This model is similar in appearance to the Z-500 and Z-600 phones. *See* Exhibits A and B. As in Colida II, this case should also be precluded on *res judicata* grounds, and dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Brown v. Quiniou, et. al.*, 2003 U.S. Dist. LEXIS 6257, *7 (S.D.N.Y. April 16, 2003) ("*Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

Despite this Court's findings in the prior two cases, Colida continues to bring the same infringement claims against other Sony Ericsson products that look virtually identical to the Z-600 phone. Your Honor set forth a list of differences between the designs of the '347 patent and Z-600 phone in Colida I. Some of the key differences noted were the (i) general shape of curvature of the '347 design was distinct compared to the thin and flat shape of the Z-600; (ii) the upper half of the Z-600 phone was almost entirely covered by an LCD screen which was absent from the '347 design; (iii) the Z-600 phone has an exterior design comprising an external display screen, camera, and Sony Ericsson trademark while the '347 design is featureless; and (iv) the bottom half of the Z-600 phone provides a large circular navigation button near the hinge and smaller buttons of various shapes, while the '347 design provides 21 keys of uniform size and shape. *Colida v. Sony Corp. of Amer., et. al.*, Civ. No. 03-2093 at *7. In comparing the '349 patent and the Z-600 phone in Colida I, Your Honor noted that the "large, cylindrical hinge on the '349 patent is noticeably absent on the Z-600 phone" and that "the upper half of the '349 patent inwardly slants towards the distal end while the Z-600 phone is flat and consistently thin." *Id.* at *7-8. Differences in the keypad were also noted, and the large navigation button and buttons of various shapes and sizes present on the Z-600 phone are not claimed in the '349 patent. *Id.* at *8.

These same differences exist between the '347 patent and the '349 patent and the presently accused W300i phone. Colida has not pled any facts with particularity that allege the W300i phone shares any similarities with his patented designs. The vast number of differences, however, have already been litigated.

### B. The Accused Phone was neither Marketed nor Sold During the Patent Terms Which Both Expired on November 5, 2005.

An additional basis upon which this action should be dismissed rests on the expiration of Colida's patents. The '347 and '349 patents both expired on November 5, 2005. The public announcement for the W300i phone took place on February 28, 2006, and the product was subsequently launched during the second quarter of 2006. *See* Exhibit C, Declaration of Suzanne V. Cross. Colida can not be permitted to bring an action for infringement against a product that



was not being marketed or sold while the patents were in force. *See Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994)("Since the rights flowing from a patent exist only for the term of the patent, there can be no infringement once the patent expires."). Although Sony Ericsson maintains that the W300i does not infringe the '347 and '349 patents, the expiration of the patents renders Colida's allegations of infringement moot.

C. **Colida Should not be Permitted to Maintain this Action *In Forma Pauperis.***

Colida's complaint should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2) which provides an additional grounds to dismiss an action brought *in forma pauperis*, if it is "frivolous or malicious," and/or "fails to state a claim on which relief may be granted." The Federal Circuit has held that Colida has a "pattern of repeatedly filing nonmeritorious infringement complaints and then repeatedly prosecuting appeals against the spectrum of cell phone manufacturers even though the accused products bear no realistic similarity to his design patents." *Colida v. Sanyo North America Corp.*, Civ. No. 04-1287 (Fed. Cir. 2004); *see also, Colida v. Sanyo North America*, Civ. No. 05-1405 (S.D. Cal. 2005)(dismissing Colida's complaint and holding that Colida's "latest attempt to pursue the same allegations against the same defendant is frivolous.")(emphasis in original).

Likewise, Colida's repeated attempts to bring the same claims against Sony Ericsson should be deemed frivolous and harassing. Sony Ericsson also intends to file a motion for a permanent injunction against Colida for filing any further complaints based on either the '347 patent or the '349 patent without prior permission from the Court, and for other sanctions, including attorneys' fees. *See In re Martin-Trigona*, 737 F.2d 1254 (2nd Cir. 1984)(enjoining plaintiff who had "maintained an incessant stream of frivolous or meritless motions" and "had not desisted from his course of vexatious litigation" from initiating lawsuits without first obtaining leave of the Court to file an action); *Collins v. Cheney*, 2007 U.S. Dist. LEXIS 89596 (W.D.N.Y. 2007) (enjoining plaintiff from making any future filings without first obtaining leave of the Court). Given Colida's repeated abuses, the Court could elect, *sua sponte,* to impose any sanctions it deems just and reasonable in the interest of conserving judicial and party resources.

Sony Ericsson respectfully requests a pre-motion conference with Your Honor to discuss the above issues. In the alternative, Sony Ericsson respectfully requests the opportunity to fully brief its motion.

*Application Granted.*

Thank you for your consideration of this matter.

*No pre-motion conference will be required. Defendant may proceed with a motion to dismiss and a motion for an injunction and sanctions. Moving papers to be filed by March 3, 2008. Opposition papers to be filed by April 1, 2008. Reply papers to be filed by April 14, 2008. SO ORDERED* R'[illegible] USDJ 2/1/08

Respectfully submitted,

Michelle Mancino Marsh

Enc.
cc: Tony Colida (by facsimile)